Jake Malone, Respondent, v. W. T. Harlin, Administrator, Appellant.*

*In the Springfield Court of Appeals. Opinion filed January 8, 1926.*

**1.—Appeal and Error—Improper Evidence—No Objection Made—Not Considered on Appeal.** Where no proper objection was made when plaintiff, in action against administrator for services, rendered to deceased, in testifying as to what occurred after defendant's appointment, which was proper, under section 5410, Revised Statutes 1919, also made improper statements as to what occurred before death of deceased, such matter could not be considered on appeal.

**2.—Witnesses—Wife as Witness.** By express provision of section 5415, Revised Statutes 1919, as amended by Laws 1921, p. 392, fact that witness was wife of claimant would not disqualify her.

**3.—Trial—Competent Testimony Which Becomes Incompetent—Should be Stricken Out on Motion of Counsel.** Where objection to competency of testimony of plaintiff's wife, made before she had testified, was properly overruled because there was nothing to show her interest in claim, but her testimony later indicated she had such interest, it was defendant's duty to again object and move that all her testimony be excluded.

**4.—Same—Instruction Held Not Reversible Error, in Action for Services.** In action for services rendered in caring for aged man, court's instruction concerning recovery for cleaning house after his death did not contain reversible error, in that jury was not required to find that plaintiff did work intending to charge for it, and had not been paid therefor, when prior instruction had pointed out all necessary elements to be proved before plaintiff could recover.

**5.—Work and Labor—Services—Payment of Board Not Presumed to Cover Services Rendered—No Evidence of Account Stated.** Where plaintiff cared for aged man on agreement that he would be paid more than he could make on job he was working on, there was no presumption that particular items of account for services rendered were included in payments made by such man to plaintiff's wife for board and lodging, in absence of proof of an account stated between the parties.

**6.—Trial—Remarks of Counsel—Discretion of Judge.** Whether remarks of counsel should be withdrawn from jury was largely in discretion of judge who heard them, and who was in better position to determine whether they were improper, or provoked by opposing counsel.

**7.—Same—Same—Permitting Remarks Held Not Error.** In action against administrator, overruling objection to remarks of counsel concerning possibility of possession of will by administrator, and his refusal to produce

it for probate, was not error, where such remarks were made by way of comparison and illustration, and were permitted in reply to argument of defendant's counsel.

8.—Executors and Administrators—Services in Caring for Sick Man—Verdict Held Not Excessive. Award of $2,755 for caring for deceased prior to death and of $50 for cleaning house afterward held not excessive verdict, where such care had covered a period of three years under very disagreeable and loathsome circumstances.

9.—Appeal and Error—Verdict—No Verdict as to Issue in Case—Should be Mentioned in Motion for New Trial. Where several claims were made by plaintiff for services rendered to sick man, and there was no verdict relative to one of them, such fact should be mentioned in motion for new trial, in order to take advantage of any error therein on appeal.

10.—Husband and Wife—Services of Wife to Others—Husband Could Not Recover Therefor. Husband could not recover for laundry work done by wife, since she was same as feme sole in managing business affairs, and was entitled to the wages for her separate labor, under sections 7323, 7328, Revised Statutes 1919.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 808, n. 91; p. 967, n. 42. Executors and Administrators, 24CJ, p. 278, n. 70. Husband and Wife, 30CJ, p. 825, n. 89; p. 827, n. 16. Trial, 38Cyc, p. 1401, n. 17; p. 1501, n. 45; p. 1507, n. 79 New; p. 1784, n. 85, 86. Witnesses, 40 Cyc, p. 2283, n. 82. Work and Labor, 40Cyc, p. 2846, n. 92 New.

Appeal from the Circuit Court of Howell County.—Hon. E. P. Dorris, Judge.

AFFIRMED (on condition).

R. S. Hogan and M. E. Morrow, of West Plains, for appellant.

(1) While formal pleadings are not required in Probate Courts, accounts presented should be sufficiently specific to apprise those in charge of estates of the facts involved, so that they may be able to protect the interests intrusted to their care. Sec. 185, R. S. 1919; Watkins v. Donnelly, 88 Mo. 322; Carson v. Waller, 104 Mo. App. 621. (2) Both the plaintiff and his wife, under the facts of this case, were wholly incompetent to testify as witnesses against the defendant administrator of a deceased person's estate. Proviso to Sec. 5410, R. S. 1919; Carroll v. Railroad, 157 Mo. App. 247; Taylor v. George, 176 Mo. App. 215; Leavea v. Railroad, 171 Mo. App. 24. (3) An instruction is erroneous that permits the recovery for work done by another than plaintiff, even if that other person be a member of plaintiff's family. Christianson v. McDermott, 123 Mo. App. 448. (4) Under the complete emancipation of married women from all her common-law disabilities, she is considered a feme sole, in all legal and business matters; and is entitled to the wages of her separate labor. Secs. 7323 and 7328, R. S. 1919; Ingals v. Ferguson, 138 Mo. 358; Tyler v. Tyler, 78 Mo. App. 240. (5) Instructions that

unduly repeat even a correct proposition of law are subject to condemnation. Reeves v. Lutz, 177 S. W. 764. (6) An instruction purporting to cover the whole case and allowing a verdict for the plaintiff must not ignore matters of defense. Johnson v. Building Company, 171 Mo. App. 543; Beggs v. Shelton, 173 Mo. App. 127; Kelly v. St. Joseph, 170 Mo. App. 358. (7) Defendant had a right to have all his theories of defense submitted to the jury. Feurt v. Lotspeich, 273 S. W. 240. (8) Statements of counsel, during argument, of matter not in evidence, with the obvious purpose of arousing the prejudice of the jury, or to create a feeling of resentment against, or aversion to, the opposite party, are particularly objectionable. Jackman. v. Railroad Co., 206 S. W. 244, and cases therein cited. (9) A verdict that does not dispose of all the issues in the case may be vacated on motion in arrest of judgment. Henderson v. Davis, 74 Mo. App. 1; Winkelman v. Maddox, 119 Mo. App. 658.

*Green, Green & Green* and *B. L. Rinchart*, of West Plains, for respondent.

The plaintiff was competent to testify in this case as to facts or conditions after the appointment of an administrator. Sec. 5410, R. S. 1919. If respondent testified indirectly as appellant complains in his brief about anything that happened prior to the appointment of the administrator no proper objections were made as the only objections made were "We object to that" which under the law means nothing and if such testimony was testified to by respondent it was not responsive to the questions asked him and the only way that the same could be reached would have been a motion to strike out. State v. Pecull, 131 Mo. 312; Vett v. Johnson, 43 Mo. App. 300; Forrester v. Mo. Pac. Railroad Co., 15 Mo. 175; Thomas v. Metropolitan Railway Co., 125 Mo. App. 131; Lutz v. Railroad Co., 123 Mo. App. 499; Murphy v. Railroad, 125 Mo. App. 269. Mrs. Malone was a competent witness she not being a party directly interested in the suit. 1921 Sessions Acts, page 3927. Before the enabling act of 1921 was passed a married woman was competent witness to testify in suit for her husband when she acted as the agent of her husband. Stanton v. Ryon, 41 Mo. 510; Wagner v. Binder, 187 S. W. 1153; Orthwein v. Nolker, 234 S. W. 787. Simply a recital that defendant objects to a question is insufficient. Stephons v. Fisher, 161 Mo. App. 386; State v. Crone, 209 Mo. 316; Fuller v. Robbins, 230 Mo. 22. If no valid objection is made in the trial court the objection comes too late in appellate court. State v. Speyer, 207 Mo. 540; State v. Brown, 209 Mo. 413; State v. Wellman, 253 Mo. 302. A disqualifying interest such as to make one incompetent to testify against the party deceased must be a legal interest, a certain or immediate one as dis-

tinguishable from an interest based or resulting from friendship or hatred or from consanguinity or other social or domestic relation. 2 Greenlief on Evidence, page 386; Wagner v. Bender, 187 S. W. 1153; Allen Estate v. Boeke, 254 S. W. 864. In order for a witness to be incompetent to testify he must be both an interested party and a party to the cause of action. Lean & Zinc Co. v. Lead Co., 251 Mo. 741. Objections to argument of counsel are untenable where attorney was only answering argument of opposing counsel on when the same was provoked by opposing counsel. Sims v. Speilman, 232 S. W. 1072; Hukshold v. Railway Co., 90 Mo. 548. The trial judge is in a better position to determine whether remarks are prejudicial than the appellate court. Muelback v. Muelback, 242 S. W. 178; Wilson v. Peppard, 243 S. W. 394. Where a jury finds for plaintiff and specifies the counts or items upon which such findings are based it is in effect a finding for defendant on all other counts. Phillips v. Geysor, 129 Mo. App. 396; Hoyle v. Farguharson, 80 Mo. 377; Downing v. Railway, 70 Mo. App. 657. The demand set out in this case was sufficiently definite and certain. Wood v. Land, 35 Mo. App. 381; Smith v. Williams, 123 Mo. 479; Gammon v. McDowell, 208 Mo. App. 619; Smith v. Collins, 243 S. W. 219.

BAILEY, J.—Plaintiff filed a demand against the estate of John T. Holmes, deceased, in the probate court of Howell county, for the sum of $6202. The demand was divided into four items, the first of which was a claim for nursing deceased during a period of three years and twenty-two days at $5 per day amounting to $5895; the second item for laundry work over a period of 130 weeks at $1.50 per week; amounting to $195; the third item for "cleaning up" after the death of the said John T. Holmes amounting to $100 and a further item for board of one Fitz Higginbotham and family during the last illness of the deceased for a period of three days, amounting to $12, all of which totals the amount first above stated:

The cause was first tried in the probate court and thereafter, on appeal went to the circuit court of Howell county where a verdict was rendered in favor of plaintiff separately on three of the above items as follows: $2755 on the first item for nursing; $195 on the second item for laundry work; $50 on the third item for cleaning the house; and no verdict was rendered on the fourth item amounting to $12. The total verdict and judgment was $3000, from which defendant has appealed to this court.

The high points of error raised by appellant in this case are: (1). Incompetency of Jake Malone and wife as witnesses against the defendant administrator. (2). The giving and refusal of Instructions. (3). Improper remarks of counsel in the closing argument

at the trial. (4). Excessive verdict. (5). Failure of verdict to respond to all the issues raised in the demand filed.

We shall first confine ourselves to the question of the competency of Jake Malone, the claimant, to testify in this case. When Jake Malone was offered as a witness by plaintiff an objection was sustained to his testifying because the other party to the alleged contract was dead. The witness was, thereafter, permitted to testify as to what occurred after the death of Holmes relative to cleaning up the house. During the course of his examination he made some statements relative to matters that occurred prior to the death of Holmes. Among other things witness stated that ''After the death of Holmes we cleaned up, well it was just awful where the old man was. We would get him out of bed, he couldn't control himself. As he would come out of bed, I would have him in my arms lots of times. The old man was in bad shape.'' Such evidence was no doubt improper coming from the claimant, but as no proper objection was made, we are unable to consider it here. Mr. Malone, the claimant, was competent under our statute to testify as to what occurred after the appointment of the administrator. [Sec. 5410, R. S. 1919.] There is evidence that the administrator had been appointed prior to the occurrence of the facts to which this witness testified, and in fact, the conversation which witness relates was had with the administrator. We rule against defendant, in so far as witness Jake Malone is concerned.

It is next urged that Mrs. Jake Malone was incompetent as a witness. When she was offered counsel for defendant made the following objection: ''We object to this witness testifying, because she is the wife of the plaintiff and an interested party, and was a party to claimed cause of action; also agent for her husband, and other party, Holmes, is dead, and she herself filed a claim against the estate at one time, and is directly interested in this suit, and she is incompetent to testify against this estate.'' There can be no question that the fact that this witness was the wife of the claimant would not disqualify her as a witness. Section 5415, Revised Statutes, 1919, as amended by the Laws of 1921 at page 392, provides that: ''No married women shall be disqualified as a witness in any civil suit prosecuted in the name or against her husband, whether joined or not with the husband as a party.'' The Act of 1921 changed the rule as to the wife's competency. Prior to the passage of the Act referred to, the wife was only competent in certain particular cases, among them being matters of business when the transaction was had and conducted by the wife as agent of her husband. That being true, defendant's objection to her competency on the ground that she was agent for her husband, would be untenable even prior to the enactment of the 1921 statute.

Defendant further objected to the competency of this witness on the theory that she was directly interested in the suit. At the time this objection was made the witness had not testified and the court had before it for consideration only the amended petition or claim in which Mrs. Jake Malone did not appear as a party, and there was nothing to indicate she had any interest whatever in the claim. Under such circumstances the court promptly overruled the objection. The testimony of Mrs. Jake Malone later indicated that she did have an interest in this claim. But it was the duty of defendant to object to her testimony after such showing was made and to move that all her testimony be excluded. Failing in this, we cannot attribute error to the trial court for receiving this testimony before any showing was made that this witness had an interest in the claim. Evidence that is competent at the time the objection is made, may later become incompetent and in that event counsel should ask that it be stricken out. [Young v. Thrasher, 61 Mo. App. 413; Vette v. Leonori, 42 Mo. App. 217].

The instruction to which defendant raises objection is No. 4, given for plaintiff, in which the jury is told that as to plaintiff's demand for cleaning house, such work, if done, was occasioned by deceased's condition before his death, and that if such cleaning was absolutely necessary and that plaintiff expected or ought to have expected that he would be paid therefor, then the jury would be authorized to find that there was an implied promise to pay for the reasonable value of such work, even though there was no express contract or agreement to pay therefor. Appellant contends that this instruction is erroneous, because it does not require the jury to find: (1) That the work was done by plaintiff. (2) That he intended to charge for same. (3). That he had not been paid for it. The case of Burt v. Gabbert, 174 Mo. App. 521, is cited in support of these contentions. We do not believe the case cited up-holds appellant's position relative to this instruction. In the Burt case an instruction was given that if the jury found from the evidence that deceased pastured and boarded his horse with plaintiff, then plaintiff was entitled to recover such sum as the jury thinks they are entitled to, not to exceed a certain amount. The instruction was held to be erroneous in relation to a claim for pasturing and boarding the horse of deceased, because the jury was required only to find the one undisputed fact, that plaintiff had rendered such services. In that case, the services were rendered by the child and son-in-law of deceased, and the court properly held that the jury should be required to find that both the deceased and the claimant recognized the contract to pay because a contract either express or implied was a necessary foundation for recovery. Instruction Number 4, in this case, while not clear as it might be, covered a situation which developed after the death of Mr. Holmes and

we do not believe it contained reversible error, especially in view of the fact that defendant's instruction No. 2 specifically pointed out all the necessary elements to be proven by plaintiff before he was entitled to recover for such services.

There was evidence that plaintiff received payment for board of deceased during the time he stayed in plaintiff's home and that settlements for room and board was made from time to time. It is claimed that this amounted to a settlement of all accounts. On that point defendant asked the following instruction: "The court instructs the jury that if you believe and find from the evidence that the plaintiff and the deceased, John T. Holmes, had settlements between themselves from time to time, during his lifetime; then, in that event, the law will presume that all accounts were fully settled between them, up to the time of such settlements; and the plaintiff could not now maintain his action for any item of his account for services claimed to have been rendered before such settlement." This instruction was by the court refused, which is assigned as error. The only evidence of any settlement was that Holmes paid plaintiff's wife for his board and room from time to time. The contract relied on by claimant was based on the proposition that if he would take care of deceased and nurse him he would be paid for his services more than he could make working on the railroad. There is no pretense that there was ever an account stated and no evidence whatever to support such a contention. These services were rendered up to the very time of the death of John T. Holmes, under a promise that plaintiff would be rewarded therefor. In the absence of proof of an account stated between the parties, we do not believe there is any presumption that the particular items of account for services rendered were included in the payments which deceased made for his board and lodging.

During the argument counsel for plaintiff made the following statement: "There is just as much reason for you gentlemen of the jury to believe that old man Holmes made a will and gave Jake Malone liberal payment for his services in that will, and that W. T. Harlin had possession of such will and refuses to produce it for Probate, as to believe that Malone had access to any cancelled checks and failed to produce them, intimated in argument of counsel for defendant," to which remark of said counsel, defendant objected for the reason there was no evidence whatever before the jury that deceased, Holmes, ever made a will in his lifetime and no evidence that defendant, Harlin, had same in his possession, and that said remarks were improper and prejudicial to defendant. Defendant's objection was overruled and defendant asked that the remarks of plaintiff's counsel be withdrawn from the consideration of the jury and the counsel rebuked for making such remarks, which request was by the court denied and exceptions duly saved. The record shows the remarks

referred to were permitted in reply to argument of counsel for defendant. Such matters are largely within the discretion of the judge who hears the argument, who is in a better position to determine whether such arguments were improper and whether it was provoked by the opposing counsel. [Wilson v. Seed Co., 243 S. W. 394.]

It is our opinion the jury could not have been prejudiced by the remarks of counsel made by way of comparison and in illustration and no reversible error was committed by the trial judge in this respect.

It is next contended that the verdict is excessive. On this point there is evidence tending to prove the deceased, John T. Holmes, was an old bachelor and lived with Jake Malone in a house which deceased owned and which Jake Malone occupied as a tenant, from about February 19, 1922, until the death of the said John T. Holmes; that deceased had bronchial pneumonia; that he was troubled with constipation and had no control over his bowels and that on account of his condition it was often necessary to change his bed, and that his condition was such that he required a great deal of care under very disagreeable and loathsome circumstances. Some of the witnesses testified that he was a hermaphrodite. He had a sore leg, the nature of which was not made clear, but which caused a severe swelling and it had to be "dressed" often. Holmes was about sixty years of age at the time of his death; by his thrift, he had accumulated considerable money. After he came to live with the Malone's, his health was bad and he depended almost entirely on Jake Malone for his nursing. He paid regularly for his room and board. There is some evidence the nursing which Malone gave was for only a very short period of the time for which plaintiff claims he rendered the services, but there was other evidence that the services were continuous over the greater part of the three-year period. It is not our province to weigh the evidence, but from standpoint of the evidence offered in behalf of plaintiff we do not find the verdict excessive, especially in view of the character of the services rendered.

Appellant further contends that the verdict does not respond to the issues raised. Our attention is called to the fact that there is no verdict relative to the twelve dollars claimed for the board of Fitz Higginbotham and family, which was one of the items for which claim is made. If there is any error on this point appellant cannot take advantage thereof, because it was not called to the attention of the trial judge in the motion for new trial.

Plaintiff was permitted to recover in this case for services for doing laundry work. On this item the verdict was for the sum of $195. There is no evidence whatever that plaintiff did any laundry work for deceased; on the contrary, all the evidence indicates the work of this

character was performed by Mrs. Malone, wife of plaintiff. Under the married woman's act the wife is the same as *feme sole* in managing her business affairs and is entitled to the wages for her separate labor. [Secs. 7323 and 7328, R. S. 1919; Ingals v. Ferguson, 138 Mo. 358, 39 S. W. 801.]

There is nothing in this case to indicate that plaintiff was entitled to pay for these services by assignment or otherwise, and we believe the judgment is erroneous in so far as this item of $195 is concerned.

We, therefore, rule that the judgment of the trial court be confirmed upon condition that plaintiff file a remittitur in the sum of $195 within fifteen days from the time of filing of this opinion. Otherwise, the cause will be reversed and remanded.

*Cox, P. J.*, and *Bradley, J.*, concur.