**Nona E. DAVIS, Respondent,**

v.

**SEDALIA YELLOW CAB COMPANY,**
**Appellant.**

**No. 22248.**

Kansas City Court of Appeals.

Missouri.

June 6, 1955.

Boyle G. Clark, Raymond C. Lewis, Jr., Columbia, Hampton Tisdale, Booneville, for appellant.

Wesner & Wesner, Sedalia, Roy D. Williams, Booneville, for respondent.

BROADDUS, Judge.

This is a suit by a passenger in a taxicab for personal injuries allegedly resulting from an automobile-taxicab collision. Following a verdict and judgment for the plaintiff, Nona E. Davis, the Sedalia Yellow Cab Company appealed.

Respondent's petition sought recovery against the appellant Sedalia Yellow Cab Company, against the defendant taxicab driver, W. E. Williams, and against the driver of the other vehicle, M. J. Taylor. Respondent made a settlement with Taylor, and dismissed as to him prior to the trial. She dismissed as to the defendant Williams at the close of all the evidence.

On February 20, 1953, respondent Davis was riding as a passenger in a taxicab driven by W. E. Williams, an employee of the appellant, Sedalia Yellow Cab Company, and was proceeding west on Seventh Street in Sedalia, Missouri. M. J. Taylor was driving south on Moniteau Street, and, at the intersection of Seventh Street and Moniteau Street, the vehicles collided injuring respondent.

At the outset of the trial respondent offered in evidence the deposition of the driver of appellant's cab, W. E. Williams, who at that stage of the trial was a co-defendant. Appellant objected to the admission of the deposition upon the ground that it was admissible only against the defendant and not against the appellant cab company and upon the ground that it was hearsay as to the cab company, and pointed out further that Williams was present in court and could be called to testify. The court admitted the deposition over appellant's objection. Some of the admissions contained in it were very damaging to appellant.

As stated, at the close of all the evidence respondent dismissed as to the defendant taxicab driver, W. E. Williams. Thereupon appellant moved to strike all of the testimony contained in Williams' deposition upon the ground that it was inadmissible hearsay as to appellant. The motion was overruled, and, as to its first point, appellant asserts that this action upon the part of the court constituted error.

Our law has long been settled that an admission of a servant which is not a part of the res gestae and which is not made in the performance of the servant's duties, is inadmissible against the master.

In Shelton v. Wolf Cheese Co., 338 Mo. 1129, 93 S.W.2d 947, plaintiff was struck by an automobile and injured. He thereafter sued the owner of the automobile and the Wolf Cheese Company. Plaintiff took a nonsuit as to the owner of the automobile at the close of his evidence, but the case was submitted to the jury as to the Wolf Cheese Company. The only evidence showing that the accident occurred while about the business of the employer was an alleged

admission to that effect by the manager of the Cheese Company. In holding that such testimony was inadmissible against the company, and that the plaintiff had therefore failed to make a submissible case, a unanimous Supreme Court stated at page 952 of 93 S.W.2d:

"* * * 'declarations' or admissions 'of an agent with respect to an act or transaction, made after the occurrence of the act or the completion of the transaction, are not provable against the principal. This rule is the basis for the exclusion of evidence of declarations of an agent that he had previously bound his principal by a contract, as well as for the exclusion of evidence of the admissions of a servant, whose alleged negligence causes injury to another, made long after the accident. Such statements are merely hearsay and like those of any other person, and cannot affect his principal. A rule that would allow an agent, after a transaction is closed, to admit away the rights of his principal, would be too dangerous to be tolerated.' "

The court followed this quotation with citations to eleven Missouri cases and several other authorities supporting this established rule.

█ The fact that the testimony in question was contained in a deposition does not make it admissible against the appellant. In Murray v. DeLuxe Motor Stages of Illinois, Mo.App., 133 S.W.2d 1074, the plaintiff sued the bus company for injuries received while he was a passenger. It was held that statements made by the company's bus driver in the course of taking his deposition in the case were incompetent as admissions of the principal, and that the reading of such depositions to the jury over the defendants' objections were error.

█ Nor does the mere fact that Williams was a party at the time the deposition was offered in evidence make it admissible as to the appellant. State ex rel. S. S. Kresge Co. v. Shain, 340 Mo. 145, 101 S.W.2d 14, involved a fall by the plaintiff. Statements of the assistant manager, who was joined as a party, made three months after the accident, were held inadmissible hearsay as against the employer for the purpose of proving negligence. As stated in Wigmore on Evidence, Third Edition, Vol. IV, Sec. 1076, page 115, "* * * the admissions of one co-plaintiff or co-defendant are not receivable against another, merely by virtue of his position as a co-party to the litigation."

Assuming that the deposition was properly admitted in the first place as an admission against Williams, it was clearly error for the court to refuse to strike it after respondent had dismissed as to him. He was the only person bound by the admissions contained in the deposition. When he went out of the case the deposition should have gone too.

█ It is a settled law that a motion to strike is a proper means of removing evidence properly admitted when such evidence later becomes inadmissible.

In Malone v. Harlin, 220 Mo.App. 102, 278 S.W. 806, the defendant objected to the testimony of a witness on the ground that she was interested in the suit. The court having nothing before it to show such interest overruled the objection. Later, it appeared the witness was interested. In holding that the defendant should have moved to strike the testimony at that time, the court stated, loc. cit. 278 S.W. 808:

"* * * but it was the duty of defendant to object to her testimony after such showing was made, and to move that all her testimony be excluded. * * * Evidence that is competent at the time the objection is made may, later, become incompetent, and in that event counsel should ask that it be stricken out. * * * (Citing cases.)"

53 Am.Jur., Trial, Sec. 147, page 132, in speaking of motions to strike, states:

"Such motion is the appropriate remedy where available to a party desiring exclusion of evidence apparently legal when

given, on the ground that it has since become illegal."

Appellant makes three additional points. These we need not consider inasmuch as the questions therein presented may not again arise.

For the error above noted, the judgment is reversed and the cause remanded.

CAVE, J., and ROSE, Special Judge, concur.

DEW, P. J., not participating.