STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Respondent,

v.

Francis L. HENDERSON and Vernon L. Henderson, Defendants-Appellants.

No. 31682.

St. Louis Court of Appeals. Missouri.

July 21, 1964.

Anding & Anding, James L. Anding, Virginia B. Anding, Pacific, and Robert L. Borberg, Union, for defendants-appellants.

Robert L. Hyder, Chief Counsel, Missouri State Highway Commission, Jefferson City, Samuel C. Ebling, Robert C. Finot, Asst. Counsels, Missouri State Highway Commission, Kirkwood, for plaintiff-respondent.

L. F. COTTEY, Special Judge.

Condemnees appeal from a judgment in their favor which they contend is grossly inadequate. Two rulings by the trial court form the basis of their complaint, one on the admissibility of evidence of the price paid by them for their land as bearing on its value, and the other on the qualification of a witness to express an opinion as to its value. It is necessary to notice only such facts as bear on those points.

Condemnee Henderson, testifying on behalf of himself and his wife as the first witness in the case, established that they are the owners of a 30.99-acre tract of unimproved land, partially wooded and of uneven terrain, with a frontage of 1162.2 feet on Supplementary State Highway O, near the town of Robertsville in Franklin County. Condemnor proposes to construct another supplementary highway, Route AK, on a sweeping curve through the approximate center of this tract, with various cuts and fills, to connect with Highway O opposite condemnees' land. The project requires 3.5 acres of condemnees' land for right-of-way and will reduce their frontage on Highway O by something like 200 feet. With the exception of about eight acres of meadow from which a hay crop has been annually harvested, the land has lain idle ever since condemnees acquired it. Neither this land nor any other in the vicinity of it was shown by Mr. Henderson's testimony to have appreciated materially in value since that time. In the course of his direct examination he stated that "the property on the north side of Highway O," directly across from his land, was "subdivided into lots." That was the only reference he made to any subdivision in the community. He gave no evidence as to when it was laid out, or as to its size and the nature and extent of its development, or as to its aggregate value or the value of any lot in it. He testified that his land in its present condition was suitable for development as a suburban residential district, although he had made no effort to develop it and had no plans for doing so. He expressed the opinion that for that use the land was reasonably worth $1,000 per acre. He then concluded that the route of the proposed new road, and the cuts and fills incident to its construction, would both reduce the acreage available for building sites and render a large portion of the remainder inaccessible, with the result that his damages, direct and indirect, would not be less than $15,000.

On cross-examination he was asked without objection when he acquired the land. He replied that he had purchased it in two parcels, 19.7 acres in 1956, six years and one month prior to the appropriation, and the balance about two years thereafter. He was then asked to state what he had paid for it. To that question this objection was made: "If the Court please, that is no test of the damages. The test is the value before and immediately after the taking. I object to him asking what he paid for it. It is not relevant and material." Following a colloquy between the court and counsel the objection was renewed and overruled and the witness then answered that he had paid $2,875 for the first parcel and $1,800 for the second, an average price of $150 per acre.

The propriety of admitting that evidence is the first question before us. "It is the established rule in this state, and generally, that the price an owner paid for property being condemned is admissible as some evidence of its value at the time of appropriation." State ex rel. State Highway Commission v. Rauscher Chevrolet Company, Mo., 291 S.W.2d 89, 92. Nevertheless, say condemnees, citing the same case as authority for their position, the rule does not apply where other circumstances are shown which destroy the relevancy or probative value of that evidence, as, for instance, where the date of the purchase is too remote to furnish a reliable guide, or where there have been marked changes in conditions and values since the date of the purchase. They insist that in this case, (a) the six year interval between the date of

the purchase and the appropriation was so extreme as to render the purchase price not only worthless as evidence but downright prejudicial, and (b) that proof, subsequently adduced, which tended to establish that the community was being built up and subdivided constituted a showing of such marked changes in conditions and values as to destroy the probative value of the purchase price as evidence. For three reasons we think those objections are not valid.

■ In the first place, mere remoteness in point of time is not the controlling factor in determining whether evidence as to the purchase price of the land is admissible. Under the rule quoted above such evidence is to be received for what it is worth, except where it appears that in the interval between the purchase and the appropriation, whether that interval be long or short, conditions or values have changed so significantly that it can no longer be said that the purchase price is *some* evidence" of the worth of the land on the latter date. The change in conditions, not the lapse of time, is the determinative factor. In State ex rel. Highway Commission v. Malone, Mo.App., 45 S.W.2d 84, relied upon by condemnees, the admission of such evidence was criticized because "all the testimony" showed that in the interval since the purchase—an interval covering portions of two historic periods of depression in farm land values—condemnees' farm had "depreciated in value;" and in State ex rel. State Highway Commission v. Pope, 228 Mo. App. 888, 74 S.W.2d 265, the court judicially noticed the effect of the Great Depression on land values during the five years following the 1928 purchase date. On the other hand in City of St. Louis v. Paramount Shoe Mfg. Co., 237 Mo.App. 200, 168 S.W.2d 149, it was held that evidence of the purchase price paid some ten or fifteen years prior to the appropriation was not so remote "in point of time as to afford no fair criterion of value;" and in State ex rel. State Highway Commission v. Johnson, Mo., 287 S.W.2d 835, evidence of the purchase price paid some twenty-five years

prior to the appropriation was not criticized on the ground that so long a lapse of time rendered it ipso facto irrelevant.

■■ In the second place, the propriety of a trial judge's ruling on the admissibility of evidence must be reviewed in the light of the circumstances existing at the time the ruling was made. If evidence is apparently competent and relevant on its face when offered, the trial judge must admit it; and he is not to be convicted of error in doing so if a showing is afterwards made that, for some reason not previously disclosed or discernible, the evidence is actually improper. It is not demanded of a trial judge that he possess the quality of prescience. And when such a subsequent showing is made and the objectionable aspect of the evidence is thereby brought to light, the party who originally objected to it has the opportunity, and it becomes his duty, to renew his objection to it and to move to strike it; and his failure to do so will constitute a waiver of his objection. Markow v. Gross-O'Reilly Chandelier Co., Mo.App., 190 S.W. 624, 627; State ex rel. State Highway Commission v. Rauscher Chevrolet Company, supra, 291 S.W.2d 92. In this case, then, at the time Mr. Henderson was asked to state the price he had paid for the farm there was nothing in the record to indicate that it had appreciated perceptibly in value since the date of its purchase or that conditions in any other respect had changed so materially that its purchase price could no longer be regarded as "some evidence of its value at the time of the appropriation." He did not testify at all with respect to any increase in real estate values in the interim, either in the community generally or with reference to his particular farm. And his cryptic statement that a tract of land across the highway from his farm had been "subdivided into lots," unaccompanied by a single informative detail, wholly failed to support condemnees' present contention that conditions in the neighborhood had drastically changed in the intervening six years. For all the trial court knew at the time, and

for all we know now, that subdivision existed there in its present state at the time condemnees purchased their farm. Whatever evidence there may be in the record of a population increase in the community, or of the development of one or more subdivisions in the vicinity, or of any consequent increase in land values, came from condemnees' second witness, Mr. Daley. It was not before the court at the time Mr. Henderson testified. If condemnees thought, in the light of that subsequently adduced evidence, that a sufficient showing had been made to deprive the previously proven purchase price of all evidentiary value, then it was their duty to call that circumstance to the court's attention and move to strike the testimony as to the purchase price of the farm, on the ground that it had become "incompetent and inadmissible because of (this) later development;" and, "having failed to so proceed," they have "precluded our determination of the question of whether the evidence was inadmissible by reason of the subsequent testimony of the witness (Daley)." State ex rel. State Highway Commission v. Rauscher Chevrolet Company, supra, 291 S.W.2d 92; Malone v. Harlin, 220 Mo.App. 102, 278 S.W. 806, 808.

Finally, condemnees' objection to the question at the time it was asked did not, in our opinion, suggest the point on which they now rely. Counsel's statement to the effect that the evidence sought to be elicited "is no test of the damages" and "is not relevant and material" is patently inaccurate under the rule quoted from the Rauscher Case, supra, and in the light of the further fact that there was no evidence before the court at the time to indicate that the rule should not prevail. And counsel's further statement that "(t)he test is the value before and immediately after the taking," while entirely true, was irrelevant to the point at issue; it was a mere abstract statement of law, not a ground for objecting to evidence which was prima facie competent to establish the value before the taking. We have, there-

fore, nothing more than a general objection which " * * * could have been sufficient only if the evidence was inadmissible for any purpose," State ex rel. State Highway Commission v. Rauscher Chevrolet Company, supra, 291 S.W.2d 92; and since proof of the purchase price is admissible as "some evidence" of the value of the land at the time of its appropriation, it was proper to overrule the general objection.

Condemnees' second point relates to the qualification of Witness Moors, the proprietress of a sandwich shop and beer tavern, to testify to the value of the land in question before and after the appropriation. They allude with more sarcasm than sincerity to the lady's occupation as her only "qualification." She had others. She testified that she had been a resident of nearby Robertsville for several years; that she owned real estate in that vicinity which, incidentally, would be benefitted by the construction of Route AK; that she had made loans "to people on property in the Robertsville area" and had "held deeds of trust" on the properties; that she had "been familiar with the sales of property in the Robertsville area" for the past ten years and was "aware of what property is selling for" in that area; that she had "made a lot of calls on different property that was for sale and priced it" and, although she was not a licensed real estate broker, had on one occasion "handled the sale of property" for a brother-in-law of hers; that she was "familiar with the Henderson farm" and had "known about it for a number of years;" that although she had not walked the right-of-way line of the proposed new highway as it traverses condemnees' farm, she had looked it over from several points on adjacent roads and, from having examined the engineer's plans, had determined in a general way what course the new highway would take; that she had "an opinion as to the fair market value of the Henderson property immediately before this taking" and was prepared to express it. It is too clear for argument that she was qualified to express it, under

**14**

all the authorities, and equally qualified to express an opinion as to its value after the taking. The weight to be accorded her opinions was, of course, a matter reserved exclusively for the jury's determination. Newkirk v. City of Tipton, 234 Mo.App. 920, 136 S.W.2d 147, 151; City of St. Louis v. Vasquez, Mo., 341 S.W.2d 839, 848–849; State ex rel. State Highway Commission v. Bailey, 234 Mo.App. 168, 115 S.W.2d 17, 26; State ex rel. State Highway Commission v. Devenyns, Mo.App., 179 S.W. 2d 740, 743; Union Electric Company of Missouri v. Simpson, Mo.App., 371 S.W. 2d 673, 677.

No error being shown, the judgment is affirmed.

RUDDY, P. J., and ANDERSON, J., concur.

WOLFE, J., not participating.