**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Appellant,**

**v.**

**Randall M. HEIM et al., on Exceptions of Jack Byron Brous, Defendants-Respondents.**

**No. 9153.**

Missouri Court of Appeals, Springfield District.

July 13, 1972.

Robert L. Hyder, Jefferson City, Thomas A. Johnson, Neosho, for plaintiff-appellant.

E. J. Murphy, Butler, for defendants-respondents.

TITUS, Chief Judge.

In the third section of its brief, denominated "Points and Authorities,"[1] condemnor-appellant states: "I. The trial court erroneously overruled objections made by [appellant] to testimony by witnesses Earl Van Gilder and James K. Slinker [sic][2] as to value of respondents' property, for the reason that neither of said persons qualified as an expert and it was an abuse of discretion to permit such evidence to go to the jury. II. The trial court erred in sustaining respondents' objection to the argument of appellant's counsel which said that after reaching the amount of difference between the value before and after the taking, any amount subsequently added amounts to double damages. Further error was made by the trial court in a subsequent ruling which referred the jury back to the earlier instruction to disregard said argument."

## I.

Respondents urge that appellant has failed to preserve the first point for appellate review, but, if it did, the court did not err in permitting the opinion testimony of Van Gilder and Slenker.

Testifying for respondents, Van Gilder initially recounted, inter alia, that he was a 56-year-old farmer who had engaged in farming and lived in Barton County (where the condemned property was located) "all of my life." Van Gilder stated that "down through the years" he had acquainted himself with the sale price of various Barton County farmlands, had bought land, and was familiar with respondents' farm and its fair market value on the date of the taking. When invited to "tell the jury" his opinion of "what the value of the entire tract was worth" before the condemnation, appellant's counsel objected "on the grounds that the witness is not qualified as an expert to give that opinion." Although the trial court overruled the objection, Van Gilder did not answer the question. Thereafter, the witness responded affirmatively to additional questions propounded by respondents' lawyer to show that Van Gilder had previous "occasion . . . to appraise property" and "had occasion to appraise property for, say, a court." He was then asked: "With that in the background, in your judgment, what was the value of [respondents'] property prior to the taking?" Van Gilder answered the question without objection. Appellant did not object when the witness was asked to state his opinion as to the value of the remaining property after the taking; neither did it move to strike any portion of Van Gilder's testimony regarding values.

We are cognizant of the general rule that when an objection to a question is "squarely made" and is overruled erroneously, it is unnecessary to repeat the objection in order to save the error for review when testimony of the same character is offered through the same or another wit-

---

1. Missouri Supreme Court Rules of Civil Procedure 84.04(a), (d) and (e), V.A. M.R., indicate this section of the brief should be labeled "Points Relied On."

2. The transcript on appeal records the name of this witness to be James K. Slenker.

ness;[3] we are also aware that circumstances varying from the ordinary render this general rule inapplicable. The supporting facts and conditions upon which each expert witness bases his opinion will not be analogous to those related by another. Therefore, to save an objection as to the competency of an expert, it is necessary to object to the testimony of each witness called upon to give his opinion on a specified subject. Neal v. Caldwell, 326 Mo. 1146, 1159, 34 S.W.2d 104, 109–110(8). Also, if an objection to a question calling for an opinion be improperly overruled and the witness does not answer, any error in asking the question is harmless.[4] Likewise, when a challenge to the competency of a witness to express an opinion is erroneously overruled and the witness does not answer the inquiry until it is later repeated after the witness has testified to additional qualifications to augment his competency, it is required that a further objection be made to the subsequent question if the objection to the witness's qualifications is to be saved.[5]

 In the instant case, Van Gilder had stated some of his qualifications as an expert when the trial court overruled appellant's objection to the first call for the opinion of the witness. Even assuming that the ruling was then erroneous, the question was not prejudicial because it was not answered. Van Gilder then proceeded to augment his qualifications and later was asked for his opinion with the added testimony anent his competency "in the background." He answered without objection. In such circumstances, it cannot be said there was a "squarely made" objection to Van Gilder's opinion. If appellant's counsel was dissatisfied with Van Gilder's over-all qualifications as first recited and later supplemented, he should have made a further objection to save the alleged error. The absence of an objection at this point made it appear that the added testimony had overcome counsel's initial impression that the witness was not qualified to state an opinion.

James K. Slenker, the second witness complained of by appellant, resided in Barton County, was occupied as a truck driver and had engaged in farming. When asked how long he had "lived in and around this area," the witness replied, "Forty-one years, Kansas City, forty-seven all totaled." Slenker stated that "as a truck driver around Barton County," he heard of the sales of various farms, that he had bought and sold land in the county, was familiar with respondents' real estate prior to the taking, and was basing his value of respondents' farm upon his "experience in knowing of other sales and the sale of [his] own property." At this point appellant objected to Slenker giving his opinion because "he's not been qualified as an expert." The objection was overruled and the witness answered.

 No exact formula exists for judging the competency of a witness to give an opinion on real estate values. To qualify as such an expert, it is not necessary that the witness be engaged in the real estate business. If the witness is capable of forming a better opinion on values than the jury or men in general because he is acquainted with the land in question, professes to know its value, has knowledge of and opportunity to learn the worth of

---

3. State ex rel. Dick & Bros. Quincy Brewery Co. v. Ellison, 287 Mo. (banc) 139, 154, 229 S.W. 1059, 1063(6); Kelley v. Hudson, Mo.App., 407 S.W.2d 553, 558 (14); Borgman v. Boten, Mo.App., 225 S.W.2d 360, 362(1).

4. Allen v. Gibbons, Mo.App., 425 S.W.2d 243, 247; Fletcher v. Kansas City Rys. Co., Mo.App., 221 S.W. 1070, 1072(6); Janes v. Levee Dist. No. 2 of Dunklin County, Mo.App., 183 S.W. 697, 700(5).

5. Cooper v. Chapman, 226 Ark. 331, 289 S.W.2d 686, 688(2); 88 C.J.S. Trial § 122, at p. 244; cf. Kwaiser v. Peters, 6 Mich.App. 153, 148 N.W.2d 547, 551 (7), aff'd 381 Mich. 73, 158 N.W.2d 877; Pardue v. Citizens Bank & Trust Company, Ala., 247 So.2d 368, 377(6, 7); Blount County v. Hollingsworth, 45 Ala. Civ.App. 401, 231 So.2d 324, 327(6).

similar property in the vicinity, and has participated in or has information concerning the sale of like real estate, he is usually considered competent to state an opinion. State ex rel. Burcham v. Drainage District No. 25, Mo.App., 272 S.W.2d 712, 715–716(5); 5 Nichols on Eminent Domain, 3d ed., § 23.31, pp. 23–31 to 23–33; 32 C.J.S. Evidence § 546(119), at pp. 460–469. Qualification of an expert, as appellant acknowledges, is a preliminary question largely, but not wholly, for determination by the trial court whose discretion ordinarily will not be overruled unless abused or exercised in clear error of law. St. Louis-San Francisco Railway Co. v. Morrison, Mo.App., 439 S.W.2d 27, 30(8). The rule of deference is not a mere device to gloss over prejudicial error committed by trial judges in discretionary matters (Missouri State Park Board v. McDaniel, Mo.App., 473 S.W.2d 774, 778), but if reasonable men can differ about the propriety of the action taken, we cannot say that the trial court's discretion was abused. Kasper v. Helfrich, Mo.App., 421 S.W.2d 66, 69(4).

 It cannot properly be stated that reasonable men would not differ regarding the propriety of permitting Slenker to express an opinion at the time appellant's lone objection was voiced. Cf. Newkirk v. City of Tipton, 234 Mo.App. 920, 930(5), 136 S.W.2d 147, 151(5). Ergo, we may not hold that the trial court abused its discretion or was guilty of a clear error of law by permitting Slenker to respond to the inquiry. However, from the record and brief, as we read them, appellant predicates its doubts of Slenker's competency more upon the basis of the information elicited on cross-examination relative to his qualifications. We are inclined to agree that Slenker's cross-examination testimony impoverished the qualifications to which he testified on direct examination.

Nevertheless, after cross-examination tended to demonstrate that Slenker was not qualified to express an opinion, appellant did not renew its objection to his opinion testimony or move to strike it. "[T]he propriety of a trial judge's ruling on the admissibility of evidence must be reviewed in the light of the circumstances existing at the time the ruling was made. If evidence is apparently competent and relevant on its face when offered, the trial judge . . . is not to be convicted of error in [admitting it] if a showing is afterwards made that, for some reason not previously disclosed or discernible, the evidence is actually improper. . . . And when such a showing is made and the objectionable aspect of the evidence is thereby brought to light, the party who originally objected to it has the . . . duty to renew his objection to it and move to strike it; and his failure to do so will constitute a waiver of his objection." State ex rel. State Highway Commission v. Henderson, Mo.App., 381 S.W.2d 10, 12(4, 5).[6]

## II.

 Respondents additionally asseverate that appellant's second point has not been preserved for appellate review. Our authority to review claims of error is limited by Missouri Supreme Court Rules of Civil Procedure 79.03 and 84.13(a), V.A.M.R., which (with certain exceptions not applicable herein) require that allegations of error must be presented to the trial court in a motion for a new trial in form sufficiently definite to direct the court's attention to the particular ruling asserted to be erroneous. Appellant stated in its motion for new trial that the trial court "erred in sustaining the objection by [respondents] to the argument of counsel for the [appellant] because the statement made by counsel for [appellant] was and is the law, and the instruction by the Court to the

6. State ex rel. State Highway Commission v. Rauscher Chevrolet Company, Mo., 291 S.W.2d 89, 92(2), 55 A.L.R.2d 773, 777(2, 3); Kirst v. Clarkson Construction Company, Mo.App., 395 S.W.2d 487, 498–499; Malone v. Harlin, 220 Mo.App. 102, 107(3), 278 S.W. 806, 808(3).

jury to disregard counsel's remarks was an erroneous ruling and one which incorrectly permitted the jury to award double damages." The statement made in the motion is not only lacking of any specific allegation of error sought to be presented, but it is also void of any general allegation sufficient to identify the particular argument made by appellant's counsel or the specific ruling of the court that was the subject of appellant's complaint. Sans aids extrinsic to the motion, there is no way to ascertain what statement made by appellant's counsel "was and is the law" or what remarks the trial court instructed the jury to disregard. The averment of error in the motion for new trial preserved nothing for review. Pasley v. Newton, Mo.App., 455 S.W.2d 43, 47–48(3, 4). Moreover, by comparing the allegation of trial court error as stated in the motion for new trial with appellant's second point on appeal, supra, it becomes readily apparent that the averment of error enounced in the last sentence of the point is wholly missing from the motion and, hence, has not been preserved for review upon appeal. Dudeck v. Ellis, Mo., 399 S.W.2d 80, 97(18); Aiple v. South Side National Bank in St. Louis, Mo.App., 442 S.W.2d 145, 148(3). In addition to the foregoing, Civil Rule 84.04(d) requires that the points relied on must state "wherein and why" the rulings of the court sought to be reviewed are claimed to be erroneous. Appellant's second point may or may not be sufficient to identify the precise errors complained of, but merely stating what the alleged errors are without also stating "why" they are errors, neither complies with the rule nor preserves anything for review. Chambers v. Kansas City, Mo., 446 S.W.2d 833, 841(14); Moll v. Springdale Park, Inc., Mo., 395 S.W.2d 126, 128 (1). The second point fails to state why it was error for the trial court to sustain respondents' objection to the argument of appellant's counsel or why it was error for the trial court to refer the jury back to an earlier instruction and tell the jury to disregard counsel's argument. The point is, therefore, deficient in presenting anything for appellate consideration.[7]

For the reasons stated, the judgment is affirmed.

STONE and HOGAN, JJ., concur.

7. Anderson v. Orscheln Bros. Truck Lines, Inc., Mo., 393 S.W.2d 452, 460(14); Haley v. Edwards, Mo., 276 S.W.2d 153, 162(15); Bremer v. Mohr, Mo.App., 478 S.W.2d 14, 18(8); Johnson v. Manwarren, Mo.App., 474 S.W.2d 342, 343(1); Bensinger v. California Life Insurance Company, Mo.App., 459 S.W.2d 511, 513 (1); DeCharia v. Fuhrmeister, Mo.App., 440 S.W.2d 182, 184(2); Hays v. Proctor, Mo.App., 404 S.W.2d 756, 763(16).