**Stanley V. MURPHY, Plaintiff-Appellant,**

v.

**Anthony DEKSNIS and William Watson,
Defendants-Respondents.**

No. 34022.

Missouri Court of Appeals,
St. Louis District.

Jan. 25, 1972.

Melvin D. Benitz, St. Charles, for plaintiff-appellant.

Albrecht & Homire, Heneghan, Roberts & Godfrey, Carl R. Gaertner, St. Louis, for defendants-respondents.

LACKLAND H. BLOOM, Special Judge.

This is an appeal by plaintiff from a judgment in favor of defendants Anthony Deksnis and William Watson.[1] The action arose out of an automobile collision which occurred at 18th and Olive Streets in the City of St. Louis between an automobile being driven west on Olive Street by defendant Watson in which plaintiff was a passenger and an automobile operated south on 18th Street by defendant Deksnis. The cause was tried to a jury. Plaintiff submitted his case against Deksnis on the sole charge that said defendant was negligent in violating an electric signal governing traffic at the intersection. His sole submission against Watson was that the latter failed to keep a careful lookout. The jury returned a verdict in favor of both defendants.

Plaintiff briefs only one point, viz., that the collision having taken place, plaintiff having been permanently injured and being free from fault,[2] the verdict of the jury is inconsistent with the law because one or both of the defendants had to be negligent or the collision would not have occurred.

We are presented at the outset with separate motions to dismiss filed by defendants on the ground that plaintiff has failed to comply with Supreme Court Rule 83.05 [Now 84.04](a) (3) and (e), V.A.M.R. In substance subsections (a) (3) and (e) of Rule 83.05 require an appellant's brief to contain the points relied on showing what actions or rulings of the trial court are sought to be reviewed and "wherein and why they are claimed to be erroneous * * *." Subsection (e) provides in part that " * * * Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."

■ The purpose of Rule 83.05 is to facilitate the work of the court and the litigants so that the issues raised on appeal may be clearly presented; the appellate court may be given a concise summary of what the appellant claims the trial court did wrong and why he claims it was wrong; and to enable respondent's counsel to answer appellant's contentions. DeCharia v. Fuhrmeister, Mo.App., 440 S.W. 2d 182, 184; Yates v. White River Valley Electric Co-Operative, Mo.App., 414 S.W. 2d 808, 811; Pauling v. Rountree, Mo. App., 412 S.W.2d 545, 549.

■ We believe appellant's brief sufficiently fulfills the purpose of the Rule. Under the heading "Points Relied On" appellant complains that the trial court erred in refusing to grant him a new trial for the reason that under the evidence and the law one or both of the defendants had to be negligent or the collision could not have occurred; that he suffered without question permanent injuries and was not charged with contributory negligence. Appellant's position, under the facts and circumstances of this case may, as we shall presently hold, be without merit, but it is sufficiently stated under his "Points Relied On" to apprise this court and respondents of the ruling challenged and "wherein and why." Respondents' motions to dismiss are denied.

■ There is no merit to plaintiff's claimed error. He chose to submit to the jury his cause of action against defendant Deksnis on the sole allegation that Deksnis negligently violated the traffic signal. The evidence on that issue was in direct conflict. Plaintiff, as a passenger in defend-

---

1. The parties will sometimes be referred to as plaintiff and defendants. Defendants will sometimes be referred to simply as Deksnis or Watson.

2. A contributory negligence defense was not submitted.

ant Watson's automobile, testified unequivocally that before and after entering the intersection the light was green for Watson. Deksnis and one of his passengers were equally positive that the light was green for Deksnis. Deksnis by his converse instruction put in issue only the question of the violation of the traffic signal. This issue the jury resolved in favor of Deksnis. The evidence on the issue was for the jury and is sufficient, if believed, to support the verdict. The law is well-settled that the weight to be given the evidence is for the jury and the trial court to resolve and will not be reviewed on appeal. Harris v. Quality Dairy Company, Mo. App., 423 S.W.2d 8, 13.

Plaintiff chose to submit his cause of action against Watson on the sole charge that he negligently failed to keep a careful lookout. He never charged Watson with violating the traffic signal and in fact contends he did not do so. Plaintiff testified he did not see defendant Deksnis' automobile prior to Watson entering the intersection and first saw it "about a second" or a "couple of seconds" before the collision. At the time plaintiff saw the Deksnis automobile Watson was trying to swerve and put on his brakes and "did not have time to avoid the collision." Defendant Watson stood on his motion for a directed verdict at the close of plaintiff's case and did not testify. However, plaintiff read from his deposition, as an admission against interest, testimony to the effect that Watson saw the other automobile a "split second" before the collision and that at that time Deksnis' automobile was just entering the intersection and near the center-line of Olive Street just short of the intersection. Nothing inside or outside of his car interfered with or obstructed his vision or distracted him in any way immediately before the collision. Plaintiff testified that Watson was proceeding in the curb lane of Olive Street. He was unable to testify as to whether there were any buildings or other obstructions blocking the view north on 18th Street as the automobile approached

west on Olive. No evidence was offered as to where or when Watson would first have been able, if he looked, to observe the approach of the Deksnis automobile or whether or not, at such time, the collision could thereafter have been avoided.

■ Since defendant Watson elected to stand on his motion for a directed verdict at the close of plaintiff's case, only evidence adduced up to that time on the issue of careful lookout can be considered in determining whether or not there was sufficient evidence to sustain the charge of negligence on that ground. Lathrop v. Rippee, Mo., 432 S.W.2d 227, 229. The record is devoid of any evidence that Watson could have seen plaintiff sooner than he did or in time to have avoided the collision. At the time plaintiff first saw Deksnis he testified Watson was already applying his brakes and attempting to swerve. Whether or not Watson could have seen Deksnis sooner and whether or not he could have taken action then which would have avoided the collision is left purely to conjecture and speculation. Harris v. Lane, Mo.App., 379 S.W.2d 635, 639; Shelton v. Bruner, Mo.App., 449 S.W.2d 673.

In view of what we have said with respect to the evidence a verdict against Watson on the issue of careful lookout could not be sustained. In view of the jury's verdict in favor of Watson we hold that the trial court did not err in overruling plaintiff's motion for a new trial against that defendant.

■ As heretofore indicated what plaintiff's complaint amounts to is this. Someone was negligent or the collision would not have occurred. Since he was injured without fault justice demands that he have a new trial so that he can attempt to try his case on a different theory or supply the evidence lacking at the first trial. Plaintiff is not entitled to multiple bites at the apple. Having elected the theory on which his case was tried, it must be judged on that theory. Begley v. Connor, Mo., 361

S.W.2d 836, 839. Other theories he may have pleaded and failed to submit to the jury are deemed abandoned. Branstetter v. Gerdeman, 364 Mo. 1230, 274 S.W.2d 240, 245; Guthrie v. City of St. Charles, 347 Mo. 1175, 152 S.W.2d 91, 93. Plaintiff, therefore, cannot convict the trial court of error because the evidence failed to support his theory or the jury rejected the same.

There being no error, the judgment is affirmed.

BRADY, P J., and DOWD, J., concur.