**Frank F. HAHN et al.,
Plaintiffs-Respondents,**

v.

**Anthony F. PODORSKI, et al.,
Defendants-Appellants.**

**No. 51103.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 5, 1987.

As Corrected May 19, 1987.

Donald H. Clooney, St. Louis, for defendants-appellants.

Fred Roth, Clayton, for plaintiffs-respondents.

MEMORANDUM OPINION

PER CURIAM.

Defendant appeals from a judgment against him on plaintiffs' claim on a note and on his counterclaim for fraud. He

raises two contentions on appeal. The first involves cross-examination of defendant which defendant contends was intended to show defendant's affluence. The examination was allowed upon plaintiffs' counsel's statement that he would "tie-it-up." Defendant made no subsequent motion to strike the testimony. He therefore waived any objection. *Davis v. Sedalia Yellow Cab Co.*, 280 S.W.2d 869 (Mo.App.1955) [4]; *Malone v. Harlin*, 220 Mo.App. 102, 278 S.W. 806 (1926) [3]. The evidence elicited was not clearly immaterial at the time it came into the case. It related to testimony given by defendant on direct examination and it does not appear to be clearly inadmissible. Defendant also premises error on the trial court's failure to cross-reference defendant's misrepresentation affirmative defense instruction in plaintiffs' verdict director. The court erroneously cross-referenced to the defendant's converse. Defendant made no objection at the instruction conference. *Fowler v. Park Corp.*, 673 S.W.2d 749 (Mo. banc 1984). Additionally, the jury was instructed on the same misrepresentation on defendant's counterclaim and found against defendant on that claim. The issue of misrepresentation comprised most of the final arguments of both parties. The question was obviously before the jury and we are unable to perceive any prejudice to defendant from this clerical error.

An extended opinion would have no precedential value and we affirm pursuant to Rule 84.16(b).

Judgment affirmed.