Dean E. **CHISM**, Personal Representative of Inez D. Chism, Appellant,

v.

John T. **STEFFENS**, Jr., Dorothy K. Steffens, and Kathleen Elaine Steffens, Respondents.

No. WD 42016.

Missouri Court of Appeals,
Western District.

Aug. 21, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 1990.

Application to Transfer Denied
Nov. 20, 1990.

Albert W.L. Moore, Jr., Newhouse, Byers & Moore, P.C., Independence, for appellant.

William B. Collins, Lee's Summit, Larry A. Schaffer, Burmeister, Schaffer, McIntosh & Effertz Independence, for respondents John and Dorothy Steffens.

William C. Pevestorff, Jr., Independence, for respondent Kathleen Steffens.

Before ULRICH, J., Presiding, and SHANGLER and TURNAGE, JJ.

ULRICH, Judge.

Dean E. Chism, personal representative of Inez D. Chism, deceased, appeals judgment entered following verdicts on two counts for defendants, Dorothy K. Steffens, her husband, John T. Steffens, Jr., and their daughter, Kathleen Elaine Steffens. Mr. Chism contends that $39,569.81 delivered to Dorothy Steffens by Inez Chism, natural mother of Dean Chism and Dorothy Steffens, prior to her death, was not a gift but was intended by Mrs. Chism to be used for her care during the remainder of her life. Thus, Dean Chism contends that the sum is now the property of Mrs. Chism's heirs. The judgment is affirmed.

Mr. Chism makes several claims on appeal. He contends that the trial court erred by (1) overruling his motion for summary judgment; (2) overruling his motion for directed verdict; (3) admitting irrelevant, immaterial and prejudicial evidence; (4) excluding evidence which he offered; (5) failing to grant a new trial because of comments made by defense counsel during the trial; and by (6) declining to give requested instructions, one of which would have placed the burden of proof on the defendants to prove that the money received by Dorothy Steffens was a gift.

## FACTS

Arthur C. Chism and his wife Inez owned a house in Kansas City, Missouri. They had been married for sixty years and were the parents of four adult children, Don, Dean, Martha Smith, and Dorothy Steffens. During the 1970's and early 1980's, Dean lived in Rushville, Missouri, Dorothy lived within the Kansas City metropolitan area, Martha lived in Arizona and Don lived in California. In September 1981, Mr. Chism and his wife decided to sell their house and move into their daughter Dorothy's residence. Arthur died on January 20, 1982, before the house was sold.

On February 20, 1982, Inez Chism signed a contract to sell her house. After she signed the contract but before closing the transaction, Inez told her son Dean and his wife Velma that she wanted Dorothy to have the money received from the sale of the house.

Inez Chism, with her daughter Dorothy, spoke to a tax consultant in March 1982. Inez told the consultant that she wanted to make a gift to Dorothy and Dorothy's husband John, and she wanted to avoid gift tax. The consultant told Mrs. Chism that she could give gifts of up to $10,000 per person every year and avoid paying gift tax on the amount given.

Inez Chism gave money to her son Dean. On March 26, 1982, the day after Inez Chism and her daughter Dorothy spoke to the tax consultant, Inez gave $5,000 to her son, Dean, and his wife Velma. On April 3, 1982, Inez gave Dean and Velma an additional $2,600.

On April 2, 1982, Inez Chism received $39,569.81 net for the sale of her house. She deposited the sum into two interest bearing accounts at the Farm and Home Savings and Loan Association, for which certificates of deposit were issued.

The first account, in which $20,000 were deposited, listed as owners "Inez D. Chism and Dorothy K. Steffens, or either/or survivor." On May 10, 1982, Kathleen Steffens, daughter of Dorothy and John Steffens, was added as an owner of the account and the listed owners became, "Inez D. Chism or Dorothy K. Steffens or Kathleen E. Steffens or survivor." The account bore Inez Chism's social security number. The bank's practice was to send the interest earned to the first person listed on the account, and a check for approximately $243 representing the interest earned was

sent to Inez each month. Inez gave the amount of the interest to her granddaughter Kathleen Steffens each month, and Kathleen gave the money to her mother, Dorothy.

The remaining $19,569.81 were deposited into the second account. "Dorothy K. Steffens (sic) or John T. Steffens Jr. or Kathleen E. Steffens or either or Surv." were the recorded owners of the account.

Also on April 2, 1982, Dorothy Steffens prepared a document entitled "codicil" to attempt to explain, according to Inez's deposed testimony, "what we did with these monies today." The notarized document states the following:

CODICIL TO LAST WILL AND TESTA-
MENT OF INEZ D. CHISM, DATED
FEB[.], 21ST 1979

It is my desire and wish that proceeds from the sale of my home at 11925 E. 44th Street, Kansas City, Missouri, on April 2, 1982, in the amount of $10,000.00 is to be given to my daughter, Dorothy K. Steffens and the amount of $9,569.81 is to be given to my son-in-law, John T. Steffens, to be used for my care and necessities of life as long as I shall live. The balance of said sale, in the amount of $21,680.19 is to remain in my name and is also to be used for my care and necessities of life as long as I live, in addition to the above named gifts.

Any monies I may have in my possession at the time of my death, over and above the monies mentioned [in] the above two paragraphs, are to be divided equally between my four children as set forth in my LAST WILL AND TESTAMENT, dated, Feb[.], 21st. 1979[.]

Dated: Apr. 2–1982

/s/Inez D. Chism
INEZ D. CHISM

On January 17, 1983, the amount in the first account was used to open another account listing as owners Dorothy and John Steffens and their daughter Kathleen. Dorothy Steffens' social security number appeared on the account documentation, and interest earned was reported to the Internal Revenue Service using the number.

The entire sum received by Dorothy Steffens from her mother was deposited into and withdrawn from several accounts in two financial institutions on several occasions over several years before and after suit was filed. On October 9, 1984, $39,753.22, the sum of both accounts into which the monies received by Dorothy Steffens was originally deposited, was removed by her from the two accounts opened April 2, 1982, and deposited into a new account at Farm and Home Savings Association which recorded "Dorothy K. Steffens or John T. Steffens, Jr. or Kathleen E. Steffens or survivor" as owners. The new account was closed on October 15, 1984, and a casher's check in the sum of $39,753.22 was issued by Farm and Home Savings Association, made payable to Dorothy K. Steffens, and was the initial deposit in an account opened at Blue Valley Federal Savings and Loan Association which identified Dorothy and Kathleen Steffens and Inez Chism as joint tenants with the right of survivorship. On October 22, 1984, a week after the account was opened, Inez Chism's name was removed from the account as an owner, and John T. Steffens, Jr.'s name was added. $39,569.81 were transferred from the account to two certificates of deposit, on November 1, 1984, one in the sum of $19,569.81, and the second in the sum of $20,000. John and Dorothy Steffens were the recorded owners of the first certificate of deposit. The second listed John, Dorothy and Kathleen Steffens and Inez Chism as owners. Inez Chism's name was deleted on February 15, 1985. On May 7, 1986, the money represented by the two certificates of deposit totaling $39,617.79 was transferred to a new account, and John and Dorothy Steffens were the recorded owners. This account was closed on June 2, 1986, and another account was opened in the sum of $39,569.81. John, Dorothy and Kathleen Steffens were the recorded signatories. This account remained open until June 2, 1987. Inez Chism filed suit in 1986.

Inez Chism moved to Dorothy and John Steffens' house in March 1982. She remained a resident of the Steffens' home

until October 19, 1984, when Dorothy and she discussed her leaving Dorothy's and John's home for another residence. Mrs. Chism moved from the Steffens' home. Mrs. Chism stated by deposition that she was told to leave, and Dorothy Chism testified that her mother was not told to leave. Mrs. Chism later demanded the money provided to the Steffens family be returned. The family declined to return the money. Mrs. Chism filed her lawsuit, died during the proceeding, and her son Dean was substituted as her "personal representative" in her place.

## I

■■■ As point (1), Dean Chism claims the trial court erred by overruling his motion for summary judgment. He contends that the parties' depositions proved the money delivered to Dorothy and John Steffens was to remain Mrs. Chism's and was not a gift.[1] A trial court's denial of summary judgment is not appealable either from the court's order denying the motion or from the final judgment. *Farmers and Merchants Insurance Company v. Cologna,* 736 S.W.2d 559, 569 (Mo.App.1987). Point (1) is denied.

## II

■■ Mr. Chism contends as point (2) that the trial court erred by failing to grant his motion for a directed verdict. He argues his entitlement, saying that (A) Dorothy Steffens made admissions during trial that the money received from her mother was provided, not as a gift, but for her mother's needs; (B) the attorney representing Mr. and Mrs. Steffens admitted plaintiff's claim during his opening statement; (C) the document prepared by Mrs. Steffens and signed by her mother and Mrs. Chism's deposition testimony that her daughter, Dorothy, told her that the money would be spent only for Mrs. Chism's benefit as long as she lived, were not denied by the defendants; and, finally, (D) the failure of the defendants to submit to the jury an affirm-

ative defense instruction abandoned their defense that Inez Chism made a gift to them and conceded the case.

### A

Mr. Chism has chosen not to identify and discuss the specific Dorothy Steffens testimony that he claims admits that the money she received from her mother lacked the requisite intent to make a gift. Instead, he simply cites several pages of Dorothy Steffens' transcribed testimony as support for his contention. Some evidence or testimony must be relied on which isolates and gives support to the conclusions that the trial court erred. *Empire Gas Corp. v. Small's LP Gas Co.,* 637 S.W.2d 239, 245 (Mo.App.1982). Absent specific testimony or other evidence, Mr. Chism's conclusion that Mrs. Steffens fatally admits to facts that prove the absence of Inez Chism's intent to make a gift is without support, and this court has nothing to review on this point.

### B

Mr. Chism also contends that John and Dorothy Steffens' attorney admitted in his opening statement that the transfer of the money to Dorothy was not unqualified and absolute as the law requires to constitute a gift. Dorothy and John Steffens' lawyer said that Dorothy stated "we will use this money, if necessary, to take care of ... Mom," and he said, "Dorothy's to spend [the money] in case Jack [her husband] got worse, medical bills piled up, or in case other calamities came up."

■■■ The two comments made by the Steffens' attorney during opening statement do not prove the absence of the donor's intent to make a gift sufficiently so that reasonable minds could not differ on the issue. A directed verdict is a drastic action and should be granted only where no reasonable and honest persons could differ on a correct disposition of the case. *Jar-*

---

1. The essential requirements of an inter vivos gift are that the donor possessed a present intent to make a gift, the donor delivered the personal property to the donee, and the donee

accepted. *In re Estate of Hoffman,* 490 S.W.2d 98, 102–03 (Mo.1973). When a gift occurs, ownership in the donee is effected immediately and is absolute. *Id.* at 103.

*rell v. Fort Worth Steel and Mfg. Co.,* 666 S.W.2d 828, 833 (Mo.App.1984). Mr. Chism is not entitled to a directed verdict unless reasonable minds, viewing the evidence in a light most favorable to the defendants, could only have found in his favor.

### C

Mr. Chism claims that the Steffens' failure to deny several facts entitles him to a directed verdict. He says the trial court was required to grant his motion for directed verdict because (1) the defendants did not deny that the $39,569.81 check of April 2, 1982, and the several accounts into and out of which the money flowed over the next several years during Mrs. Chism's life were owned solely by her, (2) the defendants did not deny certain facts pertaining to the preparation of the document entitled "codicil," and (3) the defendants did not deny Mrs. Chism's deposition testimony that Dorothy assured her the money would be spent only for Mrs. Chism's benefit for as long as Mrs. Chism lived. Dean Chism's contention is erroneous. Mrs. Steffens' testimony denied that the money received was her mother's. Mrs. Steffens did not deny drafting the document entitled "codicil" and referred to by Mr. Chism. However, while the meaning of the document was relevant to Mrs. Chism's intent when she transferred the money, its language was at best ambiguous. Mrs. Steffens testified that the document was written to explain to others her mother's expressed intent that the money was given to her and her husband to do with as they wished but that she and her husband would assist Mrs. Chism if she spent her own money on unexpected large medical bills or some other necessities. Reasonable minds viewing the evidence in a light most favorable to the defendants could not have found only in Mr. Chism's favor. *Jarrell,* 666 S.W.2d at 833.

### D

Mr. Chism next insists that by failing to submit an affirmative defense instruction requiring the jury to find that the burden of proving the money received from Mrs. Chism was a gift, the family Steffens abandoned its only defense. By abandoning the affirmative defense, the defendants were conceding the case to him, and the court erred, he claims, by failing to grant his motion for directed verdict.

Mr. Chism cites *Murphy v. Deksnis,* 476 S.W.2d 150 (Mo.App.1972), and other cases as authority for the premise that the failure to submit a theory to the jury abandons the theory. His reliance on *Murphy* is misplaced. In *Murphy,* the plaintiff sought a new trial following judgment for the defendant in a personal injury action arising from an automobile accident. The plaintiff's position was essentially that since he was injured and without fault, justice required that he receive a new trial on a new theory of recovery or that he be permitted to supply evidence omitted in the first trial. The court said that the plaintiff was not entitled to multiple bites of the apple, and having tried the case on the theory elected, he abandoned other theories he might have pleaded and submitted to the jury. *Murphy v. Deksnis,* 476 S.W.2d at 152–53.

The Steffenses were not required to affirmatively plead and prove the money that they received was a gift. Their pleadings denied the plaintiff's claims and they continued to deny Mr. Chism's claims throughout the trial. By asserting a general denial, a defendant may prove anything tending to show the plaintiff's allegations untrue so that in an action to recover property based on a superior right or title, proof of a gift to the defendant may be made under a general denial to the plaintiff's claim. *Bildner v. Giacoma,* 522 S.W.2d 83, 91 (Mo.App.1975). The burden of evidence may shift to the defendant with respect to the defendant's claim of gift, but the burden of proof remains throughout the trial with the plaintiff. *Id.* The defendants were not required to submit as an affirmative defense the issue of whether the money received by them from Inez Chism was a gift.

Point (2) is denied.

### III

Mr. Chism claims as point (3) that the trial court erred by permitting the introduction of evidence which he asserts is not relevant to whether Inez Chism intended to make a gift of the money transferred on April 2, 1982. He does not specifically identify the offending evidence. He also acknowledges failing to object to the testimony throughout the trial. Apparently aware of the requirement that a party must object at the earliest opportunity to opposed evidence in order not to waive the objection, *Cheffer v. Eagle Discount Stamp Co.*, 348 Mo. 1023, 156 S.W.2d 591, 594 (1941), Mr. Chism attempts to justify his failure to object to testimony by asserting that the trial court "indicated" it wanted to hear evidence on certain points when it overruled his objection to statements made by opposing counsel during his opening statement. Mr. Chism's counsel objected during opening statements to Dorothy and John Steffens' counsel anticipating evidence regarding Arthur and Inez Chism because they were then deceased. The trial court overruled the objection. *See* Section 491.010 RSMo 1986. The purpose of objecting to questions propounded during trial is to avoid error and to enable the trial court to rule intelligently. *Halford v. Yandell*, 558 S.W.2d 400, 404 (Mo.App 1977). Mr. Chism failed to make specific timely objections during the trial, and he waived any valid objections he might have had. He also failed to state specifically his objections to testimony for review by this court had he timely objected, and he failed to state and cite supporting authority. A point of error unsupported by citation of relevant authority is ordinarily abandoned. *Wright v. Martin*, 674 S.W.2d 238, 242 (Mo.App.1984). Point (3) is denied.

### IV

Mr. Chism, as point (4), claims the trial court erroneously excluded: evidence that the defendants did not comply with discovery, evidence that the defendants' claim that Inez Chism made a gift of her money to them was a recent claim, and a letter purportedly written by Inez Chism. Mr. Chism again fails to cite authority for each of his contentions. Point (4) is abandoned. *Id.*

### V

As point (5), Mr. Chism claims that the trial court erred by denying him a new trial based on the alleged misconduct of the Steffens' counsel. He complains that beginning in opening statement and continuing throughout the trial the Steffens' attorney maligned his client. Mr. Chism failed to specifically identify improper conduct of opposing counsel and authority supporting his contention that his client was so prejudiced that he is entitled to a new trial. Point (5) is considered abandoned by Mr. Chism for failure to specifically identify alleged improper conduct by an opposing attorney and for failing to cite supporting authority. *Wright v. Martin*, 674 S.W.2d at 242. Point (5) is denied.

### VI

As his final point, Mr. Chism claims that the trial court erred by refusing to instruct the jury, as he requested, that the defendants had the burden of proving by clear and convincing evidence that the money and other personal property they received from Mrs. Chism were gifts. A second denied instruction attempted to define "gift" and to instruct on the revocation of a testamentary gift.[2]

**2.** The instructions proposed by Mr. Chism are:
INSTRUCTION NO. A
The burden is upon defendants to cause you to believe by clear and convincing evidence that the money and personal property were a gift to one or more of them by the plaintiff. In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a par-

ticular proposition submitted, then you cannot return a verdict requiring belief of that proposition.
INSTRUCTION NO. B
A completed gift requires the delivery of money or other property with the intent on the part of the transferor to give title to the recipient and the recipient must accept the gift as such, and all of these elements—delivery, intent to pass title and acceptance—must happen at one and the same time.

Requested instruction A is Missouri Approved Instruction 3.04. MAI instructions are authoritative if applicable to the factual situation of a particular case. *Lindsay v. McMilian*, 649 S.W.2d 491, 493 (Mo.App. 1983); Rule 70.02(b). The requested instruction placed the burden on the defendants to prove that the personal property received by them was a gift. The burden was on the plaintiff to prove the case pleaded, and although the defendants presented evidence that they were gift recipients, they were not compelled to plead and prove gift as an affirmative defense. *Bildner v. Giacoma*, 522 S.W.2d at 91. The requested instruction A was not applicable in this case. The trial court did not err by refusing to submit the requested instruction to the jury.

Mr. Chism's requested instruction B attempts to define "gift" and "title" and includes a statement about "a testamentary gift." The requested instruction is not a Missouri Approved Instruction and does not reference its source. The decision to submit a definitional instruction is within the trial court's discretion. *Hoodenpyle v. Schneider Bailey, Inc.*, 748 S.W.2d 683, 687 (Mo.App.1988). Requested instruction B contains argument and incomplete definitions, and this court finds no abuse of discretion prejudicing Mr. Chism by the trial court's refusal to submit the requested instruction to the jury. Mr. Chism's point (6) is denied.

Dorothy and John Steffens have filed their motion for an award for damages, claiming the appellant's appeal is frivolous. Rule 84.19. A frivolous appeal presents no justiciable question and is so recognizably devoid of merit on the face of the record that one can readily determine there is little prospect that the appeal can succeed. *Goodloe v. Pink*, 683 S.W.2d 653, 656 (Mo.App.1984). This court declines to find Mr. Chism's appeal frivolous. The motion is denied.

The judgment is affirmed.

All concur.

---

"Title" in this context means absolute ownership without qualification or condition on the recipient's immediate right to do with the property whatever the recipient wants to do with it. A conditional gift is not a completed gift; the transferor may recover it. A testamentary gift is not effective unless made in a writing that meets all of the formal requirements of a will and is not revoked before the death of the person who makes it.