**STATE of Missouri, Respondent,**

**v.**

**Douglas L. BARTHOLOMEW, Appellant.**

**No. WD 44268.**

Missouri Court of Appeals,
Western District.

March 10, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
April 28, 1992.

Jack Lukehart, Brunswick, for appellant.

David A. McAllister, Pros. Atty., Keytesville, for respondent.

Before SHANGLER, P.J., and BERREY and HANNA, JJ.

HANNA, Judge.

A jury convicted the appellant/defendant of driving while intoxicated and left the fine to be determined by the judge. The court entered a $350.00 fine. Defendant appeals his conviction and we affirm.

On April 1, 1990, at approximately 7:10 a.m., Missouri Highway Patrolman Rick Herndon observed a 1981 Camaro traveling northbound on State Missouri Route 129 in Salisbury, Missouri cross over the center line on two occasions. Trooper Herndon stopped the Camaro in the parking lot of the Merchants and Farmers Bank. The Camaro was driven by the defendant with three of his friends as passengers.

The trooper, while questioning the defendant, noticed a strong odor of alcohol on defendant's breath. Because of the indications that the defendant had been drinking, certain field sobriety tests were administered. The test results caused the trooper to conclude that the defendant was intoxicated and he was placed under arrest. The defendant was a diabetic and he requested that the trooper take him to his home in order to receive an insulin shot. The trooper drove the defendant to his home where either the defendant or his wife administered the insulin shot. The defendant complained that for health reasons he needed to eat following the shot. At the trooper's suggestion the defendant's wife prepared her husband's breakfast meal of egg omelets and orange juice. The defendant was then taken to the Chariton County Sheriff's Department at Keytesville where he was advised of his legal rights.

Trooper Herndon was qualified as a Type III operator to administer the breathalyzer test on the BAC Verifier 900, a machine approved by the Missouri Division of Health and the machine used in the defendant's case. The trooper completed the operational checklist as required by the Division of Health rules and regulations before administrating the test. At the bottom of the operational checklist the trooper certified that the machine was functioning properly at the time the test was given and that he had followed the checklist.

Defendant first claims that the prosecuting attorney should not have been allowed to argue an adverse inference to the jury because of defendant's failure to produce certain witnesses on his behalf. He argued:

> "We also got a situation of him being out all night. Other people were there and I asked him, where are those people? Why aren't they here in the courtroom?"

The defendant objected that the witnesses were equally available and the objection was overruled. The prosecutor continued:

> "Why weren't they coming to his defense in this case? We didn't hear from any of those people."

The prosecutor could have been referring to four people. The defendant testified that his wife had been at the party with him most of the night and she had gone home shortly before the defendant left the party. She was also with the defendant at their home a short time before he was taken to the station where the breathalyzer was administered. The other people that the prosecutor referred to were the individuals in defendant's car when he was arrested. The defendant described these individuals as his friends who had been with him that night at the party.

No adverse inference may be drawn from a situation where a witness is equally available to both parties. *State v. Webster,* 659 S.W.2d 286, 288 (Mo.App.1983). There are three factors to determine whether a witness is equally available:

1. Whether one party has superior ability to know or identify the witnesses;
2. The nature of the testimony the witness is expected to give; and
3. The relationship between the particular party and witness which indicates that the witness would be likely to testify more favorably for one party than another.

*Id.* at 289.

Defendant's argument focuses on factor # 3 and whether the relationship between the absent witnesses and the defendant was such that they would be likely to testify more favorably for one party than another.

In *State v. Johnson,* 529 S.W.2d 166 (Mo. App.1975) the court held that the defendant's mother, stepfather, the woman with whom he lived (and the mother of his children), and the mother of the friend were not equally available to the state. *Id.* at 169. The evidence established that all of these individuals would provide testimony of his alibi defense. The court held that each of these individuals were more likely to testify for the defendant.

The same can be said for Bartholomew's wife. The prosecutor's argument was fair comment on defendant's failure to call his wife as a witness because of the relationship and because she had been with him most of the night and immediately before the breathalyzer test was given.

The other three individuals in this case were described by the defendant as his friends and they had knowledge of defendant's sobriety. The defendant's contention that the three friends were not equally available is answered in *State v. Moore,* 620 S.W.2d 370 (Mo. banc 1981), where the absent witnesses were numerous individuals at the defendant's party. The defendant was charged with raping the victim at his party. The question was whether the party had taken place and whether the victim consented. The argument by the assistant prosecutor was strong and extended concerning the adverse inference to be drawn from the absence of these individuals' testimony. These individuals were described as the defendant's friends and the court held that they were "more available" to the defendant. *Id.* at 374. The defendant's failure to call them gave rise to the inference that the testimony would actually have been unfavorable rather than favorable. *Id.*

Also, in *State v. Wilkerson,* 559 S.W.2d 228 (Mo.App.1977) the absent witness was arrested in the getaway car with the defendant and his testimony would suggest an alibi. *Id.* at 229. The community of interest between the defendant and the absent witness was such that the defendant would naturally have expected to call him as a witness. *Id.*

The trial court has considerable discretion in allowing or rejecting argument of counsel, and its rulings are reversible only for an abuse of discretion where the argument is plainly unwarranted. *Moore,* 620 S.W.2d at 373 (citations omitted). The ruling on the objection was proper.

Appellant next contends on appeal that the court erred in admitting the results of the breathalyzer test because there was no testimony the machine had a maintenance check at intervals not exceeding 35 days as required by the Division of Health Regulation 19 CSR 20-30(3). *See Woodall v. Director of Revenue,* 795 S.W.2d 419 (Mo.App.1990)[1]. When the BAC Verifier printout exhibit was offered defendant objected: "I would only object to it subject to the machine being proved up later, that the machine was functioning properly before and after."

The patrol officer testified at length about the procedures he followed to qualify the machine as required by the regulations of the Division of Health. He was not questioned specifically about whether the machine had been tested in the past 35 days, but did testify that he had certified it was functioning properly before the test was administered.

Counsel's objection was contingent in that the objection was not to be considered by the court until later, and then only in the event defense counsel failed to prove the "machine was functioning properly before and after." There was nothing for the trial court to rule on absent a subsequent objection and motion to strike. Two subsequent objections to the same document were not accompanied by a motion to strike the previously admitted evidence and therefore, the question of the document's admissibility is not reviewable. *Kilgore v. Linville,* 733 S.W.2d 62 (Mo.App.1987). In *Hahn v. Podorski,* 729 S.W.2d 66, 67 (Mo. App.1987) evidence was allowed upon statement of plaintiff's counsel that he would "tie-it up." Because defendant made no subsequent motion to strike the testimony, he waived any objection. *Id.* In this case the objecting party waived his objection.

Further, it is required that any objection to evidence be sufficiently clear and definite so that the court will understand the reason for the objection. *Williams v. Bailey,* 759 S.W.2d 394, 397 (Mo.App.1988). An objection which covers a broad range of situations which are not readily apparent, does not preserve error. *Bailey v. Valtec Hydraulics, Inc.,* 748 S.W.2d 805, 808 (Mo.App.1988).

The admission of a breathalyzer test result requires detailed proof to lay the proper foundation. Therefore, it is necessary that the objecting party make clear to the court and opposing counsel in what manner the test was administered improperly. An objection that there was no proper foundation because the Division of Health regulations require a maintenance test every 35 days, would have left no misunderstanding or speculation about the deficiencies in the proof. It is incumbent upon the objecting party to make the basis of his objection reasonably apparent to the court in order to provide the opponent an opportunity to correct the error and the court to correctly rule it. *Meyer v. Clark Oil Co.,* 686 S.W.2d 836, 837 (Mo.App. 1984).

The appellant also argues that the court improperly commented on the evidence when it made its ruling on the objection. The court stated: "It's already been proved. Admitted." Of course, the court was giving its reason for the ruling which is perfectly proper. *See State v. Ball,* 529 S.W.2d 901, 908–909 (Mo.App.1975). The defense attorney did not object to the "comment" so the matter has not been preserved for review. *Libby v. Hill,* 687 S.W.2d 264, 267 (Mo.App.1985).

Finally, the appellant complains that the selection process of the petit jury was flawed. This issue was first raised after trial in his post trial motion and comes to late for review. *See Neal v. State,* 669

1. We are aware that *State v. Litterell,* 800 S.W.2d 7 (Mo.App.1990) has a differing view than that of *Woodall* as to what constitutes a proper foundation for the admission of a breathalyzer test result. However, the differences do not affect the decision in this case.

S.W.2d 254, 256 (Mo.App.1984) and *Benson v. State,* 611 S.W.2d 538, 542 (Mo.App. 1980). Settled procedure requires that a constitutional attack be made at the first opportunity and preserved at each step of the judicial process. *Id.* at 541. A challenge to the jury panel venire must be made at the time the panel is sworn or as soon as the cause for challenge appears. *Id.*

The judgment of the trial court is affirmed.

All concur.