**Susan H. SCHMITZ, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 19387.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 31, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 22, 1994.

Application to Transfer Denied
Jan. 24, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Kenneth M. Hayden, McDorman & Hayden, Versailles, for respondent.

PARRISH, Judge.

The Director of Revenue of the State of Missouri (the director) appeals a judgment setting aside an order suspending or revoking the driving privileges of Susan H. Schmitz (petitioner). This court affirms.

The director notified petitioner that her driving privileges would be suspended or revoked because she had operated a motor vehicle while having a blood alcohol concentration of ten-hundredths of one percent or more by weight. § 302.505.1, RSMo Supp. 1992. Petitioner sought review of that determination as permitted by § 302.530.[1] Following administrative review, the order of suspension or revocation was sustained. Petitioner then filed a petition for trial de novo by the circuit court. § 302.535.1.

At trial, the director undertook to show probable cause that petitioner had driven a motor vehicle while the alcohol content in her blood was more than ten-hundredths of one percent by weight by using the results of a breathalyzer test administered following her arrest.

Before offering the test results in evidence, the director called Missouri Highway Patrol Cpl. Douglas McPike as a witness. Cpl. McPike testified that he held a Type II permit from the division of health. A Type II

---

1. References to statutes are to RSMo 1986 unless otherwise stated.

permit authorizes the holder to provide maintenance for breath analyzer machines and to perform periodic maintenance tests on them. The director attempted to show that the breathalyzer used to test petitioner was reliable; that the requisite maintenance test had been performed on the machine not more than 35 days before petitioner was tested.[2]

Cpl. McPike identified a maintenance form relative to the machine. The signature on the maintenance form purported to be that of Missouri Highway Patrol Sgt. C.L. Hammond. Cpl. McPike was asked to identify Sgt. Hammond. He answered, "He is a zone sergeant in, I believe, Miller County." Cpl. McPike stated that Sgt. Hammond held a Type II permit from the division of health and that the maintenance form was "filled out as required by the Code of State Regulations." He was asked if he could tell from the form whether the machine was in operating condition on the date it was tested. He answered, "Yes, I can." Cpl. McPike was then asked, "And was that machine in operating condition?"

Petitioner's attorney objected on the basis of hearsay. He contended that no foundation had been laid that would permit the form purportedly completed by Sgt. Hammond to be admitted in evidence based on the business records exception to hearsay.

The trial judge advised the attorneys he was taking the objection under advisement; that he would "show a continuing objection to anything further in regard to this so we don't have to go through these arguments again and again." The judge inquired, "[I]s there anything else either party wishes to address, reference the basic argument?" No further argument was made.

The director called one other witness, Missouri Highway Patrolman Bryce Davis. Patrolman Davis had arrested petitioner for operating a motor vehicle while in an intoxicated condition, § 577.010, and had administered the breathalyzer test. He testified

that he held a Type III permit from the division of health that qualified him to administer breathalyzer tests. After preliminary questions concerning events that occurred before petitioner was arrested, Patrolman Davis was asked what test result he recorded on "the alcohol influence report for [petitioner]."

Petitioner's attorney objected to the officer testifying about the test results because his permit to administer breathalyzer tests was not admitted in evidence. He contended the permit would be the "best evidence" of the officer's qualifications. The objection was overruled. Patrolman Davis testified that the reading he recorded was ".17."

After taking the case under advisement, the trial court sustained the hearsay objection to the testimony of Cpl. McPike and found the issues in favor of petitioner. The trial court ordered the director to reinstate petitioner's driving privileges.

■ The director's first point on appeal contends the trial court erred in ordering petitioner's driving privileges reinstated "due to the maintenance report being ruled inadmissible because [the director] was not required to introduce evidence that a maintenance check was performed on the breath analyzer in that [petitioner] did not object to the introduction of his [sic] breath test results."

When Patrolman Davis testified, the only objection posed was directed to his qualifications to administer the breathalyzer test. The director contends that because petitioner failed to again object on the basis that the breathalyzer machine had not been shown to be reliable, the machine's reliability was not an issue to be decided. He relies on *Reed v. Director of Revenue*, 834 S.W.2d 834 (Mo. App.1992), and *State v. Bartholomew*, 829 S.W.2d 50 (Mo.App.1992).

The circumstances in this case differ from those in *Reed*. In *Reed* the only officer who testified relative to the breathalyzer was the

---

**2.** The state division of health determines what equipment is acceptable for performing chemical breath analysis and prescribes what techniques are required to establish the equipment's reliability. § 577.020.4. Administrative Rule 19 C.S.R. 20–30.031(3) was adopted for that purpose. It requires that breath analyzer machines used for chemical breath analysis have maintenance checks performed "at intervals not to exceed thirty-five (35) days." The tests must be performed by persons holding a "Type II" permit issued by the division of health.

arresting officer, Deputy Sheriff Winholt. He testified that he held a Type III permit issued by the division of health. He was qualified to administer breath analysis tests on an approved breathalyzer machine. He testified that the machine used to test Ms. Reed functioned properly at the time he tested her; that he followed applicable rules and regulations in administering the test. He reported the test results.

The checklist Deputy Winholt followed in testing Ms. Reed was admitted in evidence. When the checklist was offered in evidence, Ms. Reed's attorney stated he had "no objection for the purpose it's admitted." 834 S.W.2d at 836. On cross-examination, Deputy Winholt testified that he was not qualified to maintain the breathalyzer machine; that he had not observed its maintenance within 30 days of Ms. Reed's test.

At the conclusion of the testimony, Ms. Reed's attorney requested that her driving privileges be reinstated "because there was no evidence at trial proving the breathalyzer was functioning properly and no evidence of the maintenance records that were to be filed with the Department of Health." *Id.* The trial court granted the request on the basis that the "Director had failed to establish a *prima facie* case by failing to prove the breathalyzer had been tested within thirty-five days of [Reed's] test as required by 19 C.S.R. 20–30.031(3)." *Id. See* n. 2, *supra.*

The Eastern District of this court reversed the trial court's judgment saying, "It is incumbent upon the objecting party to make the basis of his or her objection reasonably apparent in order to provide the opponent an opportunity to correct the error and the [trial] court an opportunity to correctly rule on the objection." *Id.* at 836–37. The court held that Ms. Reed's attorney's statement that he had no objection for the purpose the testing officer's checklist was admitted did not satisfy that requirement.

The other case on which the director relies, *State v. Bartholomew, supra,* is a criminal case. In it the officer who administered the breathalyzer test was not asked if the machine had been tested during the 35 days before he tested the defendant. The officer testified only that before he administered the

test, he certified the machine was functioning properly. When the test results were offered in evidence, the attorney in *Bartholomew* stated, "I would only object to it subject to the machine being proved up later, that the machine was functioning properly before and after." 829 S.W.2d at 53.

The court held that the objection was contingent; that it presented "nothing for the trial court to rule on absent a subsequent objection and motion to strike." *Id.* It held that the question of the admissibility of the document on which the breathalyzer results were recorded was, therefore, not reviewable.

In this case, the director raised the issue of the breathalyzer machine's reliability by calling Cpl. McPike as a witness before any other evidence concerning the breathalyzer test was offered. Petitioner objected to the testimony concerning the operating condition of the breathalyzer machine on the basis of hearsay; that no foundation had been laid that permitted the maintenance form prepared by another officer to be admitted in evidence as a business document.

Unlike in *Reed,* in this case the basis for the objection to the evidence of the machine's reliability was readily apparent to the trial court. Unlike in *Bartholomew,* petitioner's objection presented an issue for ruling by the trial court. The trial court took the objection under advisement. The trial judge advised the attorneys that the objection regarding the reliability issue would be "continuing." He inquired whether either party wished to present further argument on the issue. Neither did. At a later date, after taking the case under advisement, the trial court sustained the objection.

■ Although the prudent thing for petitioner's attorney to have done would have been to restate the objection concerning the breathalyzer machine's reliability at the time Patrolman Davis related the reading he obtained from the machine, under these facts he was not required to do so. The purpose of an objection at trial is to avoid error and enable the trial court to rule intelligently. *Chism v. Steffens,* 797 S.W.2d 553, 559 (Mo. App.1990). That purpose was met by the

objection posed to Cpl. McPike's testimony. Point I is denied.

Point II contends the trial court erred in not admitting the maintenance report in evidence "because a proper foundation was laid, in that a Type II permit holder is a 'qualified witness' to lay a business record foundation."

■ Point II is apparently directed to requirements imposed by § 302.312, RSMo Supp.1993. It provides, as applicable here:

Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any matter recorded in the offices, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state in the same manner and with like effect as the originals.

Petitioner objected to the maintenance report that was offered in evidence on the basis of hearsay. That objection was sustained. The trial court found "that a Missouri Highway Patrolman who holds a Type II Dept. of Health B.A. Permit, is not a proper attesting witness to authenticate a copy of a B.A. maintenance report prepared by another officer holding a Type II permit, and filed with the Dept. of Health of the State of Missouri."

In *Hadlock v. Director of Revenue*, 860 S.W.2d 335 (Mo. banc 1993), the court held, "The statute permits 'copies' to be admitted 'in the same manner and with like effect as the *originals*' and no more. Section 302.312 simply alleviates the need for the original documents … which would otherwise be required under the best evidence rule." *Id.* at 337–38 (emphasis in original). The court concluded that the documents would still be objectionable on other grounds.

■ Cpl. McPike had no personal knowledge concerning the maintenance of the breathalyzer machine used to test petitioner. Neither did he know the circumstances surrounding Sgt. Hammond's preparation of the maintenance report that the director sought to use as evidence.

It is well established under the law that business records are admissible in evidence if: (1) the custodian or other qualified witness testifies to their identity and mode of their preparation; (2) they are made in the regular course of business at or near the time of the act, condition or event; and (3) in the opinion of the court, the sources of information, method and time of preparation are such as to justify their admission. Section 490.680, RSMo., 1986.

*In Interest of B.L.E.*, 768 S.W.2d 86, 92 (Mo.App.1988).

Cpl. McPike's testimony did not authenticate Sgt. Hammond's maintenance report. The trial court properly rejected the offer in evidence of the contents of the report. *Hadican v. Director of Revenue*, 863 S.W.2d 9 (Mo.App.1993). Point II is denied. Judgment affirmed.

GARRISON, P.J., and CROW, J., concur.